UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACK MITCHELL JOHNSON,<br><br>Defendant. | Cr. No. 1:23-CR-325<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Jack Mitchell Johnson submits this Sentencing Memorandum in support of his recommended sentence, under *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a). Mr. Johnson submits that an analysis of the relevant sentencing factors in his case, pursuant to § 3553(a), demonstrates that a probation-only sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing.

## INTRODUCTION

Mr. Johnson was arrested on August 31, 2023, in Minot, North Dakota on a complaint originating in the District of Columbia. Mr. Johnson was released on his own recognizance. While on pre-trial release, Mr. Johnson has remained compliant with the conditions of his release. PSIR ¶ 7. An Information was filed in this case on September 20, 2023. Doc. 10. This Information contained one count of Entering and Remaining in a Restricted Ground, one count of Disorderly and Disruptive Conduct in a Restricted Building, one count of Disorderly Conduct in a Capitol Building or Grounds and one count of Parading, Demonstrating, or Picketing in a Capitol

Building. A plea agreement and statement of the offense were filed on January 17, 2024. Doc. 24 and 25. A change of plea hearing was held on April 26, 2024. After the change of plea hearing, the probation office conducted a presentence investigation. A report was then drafted and sent to Mr. Johnson and the undersigned counsel for review. Mr. Johnson appears for sentencing on September 23, 2024.

## **DEFENDANT'S SENTENCING RECOMMENDATION**

Mr. Johnson recommends a sentence of probation. This sentence is sufficient, but not greater than necessary to achieve the goals of sentencing.

Mr. Johnson has pled guilty to two petty offenses. 18 U.S.C. § 3583(b)(3), PSIR ¶ 69. The PSIR correctly notes that, under U.S.S.G. § 1B1.9, the sentencing guidelines are not applicable. PSIR ¶ 25. Under such circumstances, the Court is to rely on the 18 U.S.C. § 3553(a) factors in crafting an appropriate sentence.

18 U.S.C. § 3553(a) calls upon the Court to consider 1) the nature and circumstances of the offense, 2) the need for the sentence to promote respect for the law, deter future criminal conduct, protect the community from future crimes, and to provide any care, training or treatment that the defendant may need. These factors, when considered as a whole, indicate that a sentence of probation, as opposed to incarceration, is sufficient, but not greater that necessary to achieve the goals of sentencing described above.

Mr. Johnson is the youngest child of Deanne Quale and Mitchell Johnson. PSIR ¶ 32. Mr. Johnson was born in Oklahoma, where he lived until he was two years old. PSIR ¶ 35a. He then lived in Florida until he was approximately seven

2

years old. *Id*. Since then, Mr. Johnson has lived in the upper mid-west, spending the majority of his time in the Dakotas. *Id*. He graduated high school and has taken some college courses. PSIR ¶ 49.

Mr. Johnson has maintained consistent employment when he is not in school. PSIR ¶ 52-57. His employment is frequently commission-based and often involved sales and consulting. PSIR ¶ 52, 55, 56, 57. Between 2022 and 2023, Mr. Johnson worked at Lifescape in Sioux Falls, South Dakota where he helped troubled adolescents with education and daily living. PSIR ¶ 53. Following that employment, Mr. Johnson returned to North Dakota where he has worked in auto sales and Information Technology (IT) sales. PSIR ¶ 56.

Mr. Johnson has a loving and supportive family. His mother shared that Mr. Johnson is active in church and is volunteering at an animal shelter. PSIR ¶ 34a. He is close with his mother, his father and his stepparents.

Prior to this incident, Mr. Johnson maintained a law-abiding lifestyle that was free of addiction and substance abuse. He has zero criminal history points, no prior convictions (PSIR ¶¶ 26, 27) and does not even have a prior history of arrests. PSIR ¶¶ 29, 31. Following the resolution of this case, Mr. Johnson will have the family and community support necessary to ensure his success and prevent re-offending.

On January 6, 2021, Mr. Johnson was 18 years old. While visiting with family during Christmas 2020, his brother, Riley, asked Mr. Johnson to attend the January 6, 2021, rally with him. Riley paid for Jack's plane ticket and hotel

expenses. The people that were around Mr. Johnson on January 6, are friends with his brother. They are just acquaintances with Jack.

There is no question that the events of January 6, 2021, were serious. The impact of that day is still being felt by the city of Washington, D.C. and continues to have an impact on the nation as a whole. Mr. Johnson and his counsel wish to impress upon the Court and the Government that we recognize the full gravity of protests and the entry into the Capitol.

The Court must also take <u>Mr. Johnson's specific conduct</u> into consideration. Mr. Johnson has admitted to, and has pled guilty to, entering the Capitol Building and engaging in disorderly conduct and demonstrating. This conduct was in violation of the law, and Mr. Johnson accepts responsibility for that conduct.

After attending a rally in support of former President Donald Trump, and at the suggestion of Mr. Trump, Mr. Johnson and many others walked from the site of the rally to the Capitol Building. Once there, Mr. Johnson observed a massive crowd on the other side of the bike racks that were being used as barriers. Mr. Johnson moved one of those bike racks slightly to the side and walked towards the Capitol Building. Mr. Johnson approached the Capitol Building via the East Stairs. PSIR ¶ 17. He entered the East Rotunda Door. PSIR ¶ 18. Officers were attempting to close those doors, although Mr. Johnson does not recall seeing those officers or did not notice them at the time. *Id*. Mr. Johnson entered the Rotunda, took photographs, briefly exited the Rotunda, and returned 5 minutes later. PSIR ¶ 19-

20. He then exited the Capitol Building through the East Rotunda doors. PSIR ¶ 21. He remained in the Capitol Building for ten minutes or less. PSIR ¶ 18, 21.

At no time did Mr. Johnson damage any property. Mr. Johnson did not engage in violence of any kind. Mr. Johnson did not encourage or entice others to damage property or engage in violence. Mr. Johnson did not take any items from the Capitol Building. Mr. Johnson was not even engaged in verbal altercations with law enforcement, other protestors, or counter-protestors. Mr. Johnson was not involved in the planning of the January 6, 2021, events and did not encourage others to attend.

Although the events of January 6, 2021, taken as a whole, were incredibly serious, Mr. Johnson's conduct stands in contrast to other individuals that day. Mr. Johnson is appropriately viewed as distinct from individuals that engaged in or incited damage or violence. Accordingly, Mr. Johnson has pled guilty to a petty offenses -not felonies or class A misdemeanors, and an appropriate sentence in this case should reflect his lesser role in January 6, relative to other participants.

When considering Mr. Johnson's background and characteristics and his specific conduct in this case, a sentence of probation is appropriate. Therefore, Mr. Johnson respectfully recommends to the Court that he be sentenced to a period of probation for 6 months, and that the Court impose any conditions of probation that the Court deems appropriate.

## THE EFFECT OF *U.S. v. LITTLE* ON AVAILABLE SENTENCES

During the change of plea hearing in this matter, the Court solicited input from the parties concerning the available sentencing opinions in this case, in light of *U.S. v. Little*, 78 4th 453 (D.C. 2023). Specifically, the Court asked the parties to brief whether *Little* authorizes a sentence of both imprisonment and probation upon a conviction for two petty offenses. Mr. Johnson argues that, upon conviction of two petty offenses, 18 U.S.C. §§ 3551(b), 3561(a)(3) and 3583(b)(3) only authorize a sentence of imprisonment or probation, but not both.

As argued below, any post-incarceration supervision is *supervised release*, not probation. The Sentencing Reform Act (SRA) excluded supervised release as a potential sentence for petty offenders. In 1994, the words "that is not a petty offense" were added to 18 U.S.C. § 3563(a)(3). The *Little* Court held the addition of those words did not change the fact that a defendant could not be sentenced to both probation and incarceration for a single petty offense. An examination of that opinion, additional case law, the Sentencing Guidelines and the relevant statutes supports the conclusion that incarceration and probation are mutually exclusive sentences, even when the defendant has pled to more than one petty offense.

In *Little*, the defendant was convicted of a single petty offense – Parading, Demonstrating or Picketing in a Capitol Building under 40 U.S.C. § 5104(e)(2)(G). 78 F.4th at 454. Mr. Little was sentenced to 60 days of imprisonment followed by three years of probation. *Id*. The Court of Appeals for the District of Columbia vacated that sentence, holding that the various federal sentencing statutes

6

prohibited a district court from imposing a sentence that included both a period of imprisonment and a period of probation for conviction of a single petty offense. *Id.* at 456. The reasoning for the Court's ruling compels a similar outcome in a case, such as we have here, in which the defendant is convicted of more than one petty offense.

As the *Little* court noted, 18 U.S.C. § 3561 is "no model of clarity." *Id.* at 458, 461. In order to arrive at a determination whether probation and incarceration are permissible for a single petty offense, the Court needed to examine the entirety of the statutory sentencing scheme. *Id.* at 458. 18 U.S.C. § 3561 cannot be viewed in isolation – it must be viewed within the context of the larger body of law governing sentencing in federal criminal cases.

The sentence that may be imposed in a case is governed by 1) the offense statute, 2) the chapters of the federal code that govern probation, imprisonment and supervised release, 3) the Sentence Commission Guidelines and 4) relevant case law.

The sentencing scheme is clear that if a Court wishes to impose a period of post-incarceration supervision, that supervision must be "supervised release" and not "probation." This is reflected in the United States Sentencing Guidelines. U.S.S.G. § 5B1.1(b)(3). The Background note explains the history of the abolition of "split sentences." "Although this provision has effectively abolished the use of 'split sentences' imposable pursuant to the former 18 U.S.C. § 3561, the drafters of the Sentencing Reform Act noted that the functional equivalent of the split sentence

7

could be 'achieved by a more direct and logically consistent route' by providing that the defendant serve a term of imprisonment followed by a term of *supervised release*." (*Emphasis added*). Likewise, the Sentencing Guidelines always, without fail, refer to post-sentence supervision as supervised release, not probation. (*See* U.S.S.G. § 5C1.1(c)(2), 5C1.1(d)(2) and 5D1.1-1.3.)

Furthermore, the statutes governing probation, imprisonment and supervised release are contained in separate and distinct code sections (*See* 18 U.S.C. § 3561, 3581 and 3583). 18 U.S.C. § 3551(b) sets out the three available types of sentences in a criminal case. "The text of § 3551 unambiguously prohibits a court from imposing a sentence of both probation and imprisonment – a result that is, for the reasons explained *supra*, Part I and further below, consistent with the structure of the SRA as a whole." *U.S. v. Panayiotou*, 652 F. Supp. 3d 90, 95 (2023). The Judge in *Panayiotou* reiterates this point later in the Opinion, stating again that "probation is a separate sentence, an alternative to imprisonment, while supervised release is a supplement and is imposed in tandem with imprisonment." *Id*. at 97. The Court wrote that "other than a petty offense" language that was added to § 3561(a)(3) adds to the limitations on the use of probation, but they do not "displace its basic restriction." *Id*.

"The Comprehensive Crime Control Act of 1984 makes probation a sentence in and of itself." 18 U.S.C. § 3561. Probation may be used as an alternative to incarceration provided that the terms and conditions of probation can be fashioned

8

so as to meet fully the statutory purposes of sentencing[1] […]" U.S.S.G. § 5B1.1, Introductory Commentary, Part B – Probation.

Similarly, the Court in *Little* also takes the stance that probation is a stand-alone sentence that cannot follow a period of incarceration. *U.S. v. Little*, 78 F.4th 453, 460 (D.C. Cir. 2023). "Our reading keeps probation and imprisonment as separate sentences. It takes seriously Congress's instruction not to impose post-confinement monitoring on petty offenders." *Id*. The opinion repeatedly refers to "petty offenders" as a class of defendant, distinct from those charged with felonies and class A misdemeanors. The Court laments that permitting both imprisonment and probation would create a scenario in which a petty offender would be subject to post-incarceration monitoring that is five times longer than the possible supervised release that could be imposed on some felons. *Id*.

The fact that Mr. Johnson has pled to a second petty offense does not change the statutory scheme, the intent of Congress, the Sentencing Guidelines or the logical concerns raised by the *Little* and *Panayiotou* courts. The fact that Mr. Johnson pled guilty to two petty offenses does not change the fact that any post-incarceration supervision must be supervised release, not probation. Nor does it change the prohibition on supervised release for petty offenders. The drafters of the SRA were clear that split sentences (incarceration and probation) were to be replaced by incarceration and supervised release. Imposing both imprisonment and

---

[1] It is also noteworthy that the available conditions of probation include home confinement *as an alternative to imprisonment* under U.S.S.G. § 5B1.3(e)(2) and intermittent confinement under U.S.S.G. § 5B1.3(e)(6) and U.S.S.G. § 5F1.8.

probation of a petty offender (even those convicted of more than one petty offense) ignores this rule and is effectively an end-run around the prohibition on supervised release for petty offenders.

In this case, a reading of 18 U.S.C. § 3561 that permits a sentence of both probation and incarceration would violate the letter and spirit of the Sentencing Reform Act, relevant case law and the Sentencing Commission Guidelines. Accordingly, Mr. Johnson respectfully requests that this Court impose a sentence of probation alone.

## **CONCLUSION**

For the reasons stated above, Mr. Johnson respectfully submits that a sentence of probation is sufficient, but not greater than necessary, to serve the goals of sentencing in this case.

Dated the 16th day of September, 2024.

Respectfully submitted,

JASON J. TUPMAN
Federal Public Defender
By:

*/s/ Max A. Rudy*
Max A. Rudy
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
Districts of South Dakota and North Dakota
100 W. Broadway Ave Suite 230
Bismarck, ND 58501
Telephone: 701-250-4500
Facsimile:  701-250-4498
filinguser_SDND@fd.org